The opinion of the Court was delivered by
GloveR, J.
Not denying the participation of Nathan A. Cohen, the appellants have earnestly insisted, that the other defendants are not implicated. All who act in concert, encourage one another, and co-operate, are liable in trespass. No witness proves by whom the battery was committed, but there are circumstances which, without explanation, show that Cohn was a prominent actor. In the name of the firm, of which he was a partner, he wrote the letter soliciting an interview with the plaintiff, the professed object of which was busi *151 ness of importance, and the only consequence which appears to have followed was the battery complained of. The result of this visit cannot be reconciled with the innocence of Cohn, and the reasonable inference is, that the real intention was to commit violence by concert, and under the pretence of business. By his prompt agency a physician'was procured, which removes all doubt of his presence when the trespass was committed. The probable presence of Aaron N. Cohen about the premises, and the fact that Dr. Pelzer, after his arrival, saw him, are too slight circumstances to authorize the presumption that he was implicated. Prima facie, if not conclusive .evidence, however, implicating both A. N. Cohen and Leopold Cohn, was furnished by the defendants in their cross-examination of Sehroeder, who proved that. the defendants had been indicted and convicted for the same assault and battery. It is their evidence, and they cannot now object to it on the ground, that, as to the matters involved in the issue, it was res inter alios acta. In this form of action, neither the record of their conviction, nor parol evidence of it, would have been admissible for the plaintiff, unless received without objection, or the defendants had pleaded guilty to the charge in the indictment.
Another ground relied upon in support of the motion for a new trial is, that the punishment of the defendants criminally, should have been submitted to the jury in mitigation of damages. The objection taken by the appellants to the introduction of evidence showing the conviction of the defendants, would equally apply to any proof offered in regard to the punishment. The indictment and civil action are prosecuted for the same trespass, but not by the same parties. One is an offence against society, the other a private wrong. The State punishes for a breach of the public peace; the individual recovers damages for the injury to his person, and where the compensation is beyond the actual loss, it may operate, incidentally, as a penalty, but not as a cumulative remedy. If the punishment of the offender should be permitted to influence the jury in *152 their estimate of damages, the private remedy, which the law gives to the injured party, would be abridged. Where the prosecutor receives a part of the pecuniary penalty, it has been ■held, that his damages should be nominal, (Jackson vs. Bell, 8 Carr. & Payne, 316), but in this State he is entitled to none of the penalty,, and is not restrained from prosecuting both the indictment and civil action together. In Cook vs. Ellis, (6 Hill, 465,) the Court did not regard either the probable or actual punishment of the defendant, by indictment, in an action for damages. The parties, the nature of the offence, and the remedies, are different; and where circumstances of aggravation call for vindictive and punitory damages, the range of the jury’s discretion should not be narrowed by the sentence of the Court. Such, were the instructions of the Circuit judge, and they are approved by this Court.
The appellants have also submitted, in support of their motion, that the verdict is excessive, unreasonable and capricious, and unwarranted by the evidence.
In cases of tort, the amount of damages depends upon, and is so blended with questions of fact, that the control exercised by the Court over the verdict of a jury must rest upon the peculiar circumstances of each case. Whether the compensation shall exceed the actual loss or injury, or the evidence shall justify exemplary damages, it is the province of the jury to measure them. In the discharge of their duty, the law requires that they shall be indifferent between the parties, and not influenced by passion or prejudice. It is not perceived that they wore improperly influenced in this case, and there are circumstances from which a concert among the defendants may have been inferred, and also a purpose to inflict the battery without any provocation to justify or extenuate it. It is probable that this Court would not have come to the same conclusion, but a new trial will not be granted merely because the Court and jury differ in opinion about a question of damages. There is no legal rule to measure them, and by which the discretion of a *153 jury may be controlled. We cannot conclude that the jury, in their estimate of damages, was influenced by • any improper bias, or that they exceeded the ■ reparation which such a trespass demanded. In actions of tort, a verdict free from the imputation of corruption, prejudice or passion, should be the end of litigation.
Motion dismissed.
O’Neall, Waudlaw, and Withers, JJ., concurred.

Motion dismissed.